UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 15-80111-CIV-BLOOM/VALLE

**CLAUDEL LOUIS**, *et al.*,

    Petitioners,

v.

**FLORIDA DEPARTMENT OF
CHILDREN & FAMILIES**, *et al*.,

    Respondents.
_____/

## ORDER

THIS CAUSE came before the Court on Petitioners' Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 and Emergency Motion for Return of Children (the "Petition"), ECF No. [1], filed on January 30, 2015. The Court has carefully reviewed the petition, the record, and the applicable law.

**I.    Background**

Petitioners filed a similar petition under 28 U.S.C. § 2241 on November 24, 2014, which the Court dismissed on November 26, 2014 because the Court lacked jurisdiction. *See Louis v. Fla. Dep't of Children & Families*, Case No. 14-81468-CIV-BLOOM/VALLE (S.D. Fla. November 26, 2014) (ECF No. [4]).

Petitioners, proceeding *pro se*, filed the Petition, now under 28 U.S.C. § 2254, to "remedy the unlawful seizure, removal and prolonged detention of their Minor Children and themselves by Respondents." ECF No. [1] at 2. Petitioners have named many respondents—including the Florida Department of Children & Families, the Palm Beach Sheriff's Office, St. Mary's Medical Center, the Legal Aid Society of Palm Beach County, Inc., the Fifteenth Judicial Circuit Court of Palm Beach County, Florida, and a number of legal and medical professionals.

According to the Petition, Petitioners are out on bond from charges of aggravated child neglect, for which they were arrested on June 10, 2013. Petitioners' children are in the care of foster parents, and have been for over a year, after the Florida Department of Children and Families ("DCF") directed the removal of the children from the Petitioners' physical custody. DCF became involved after one of Petitioner's children was hospitalized on May 24, 2013.

Petitioners seek relief because their minor children "have not been adjudicated dependent and they continue to languish in foster care." ECF No. [1] at 67. Petitioners also contend that: the "termination of parental rights or conviction for aggravated child neglect is not significantly likely to occur in the reasonably foreseeable future;" "Petitioner's [sic] Minor Children' [sic] and Petitioners' continued removal/detention violates their substantive due process rights by deprivation of their core liberty interest in freedom from bodily restraint;" and that "Petitioners are entitled to a timely meaningful opportunity to demonstrate that their Children should not have been removed/detained." *Id.* at 66-68.

**II.   Analysis**

Federal courts are obligated to answer questions of the existence of subject matter jurisdiction *sua sponte*. *See Liberty Mut. Ins. Co. v. Wetzel*, 424 U.S. 737, 740 (1976); *Arthur v. Haley*, 248 F.3d 1302, 1303 n.1 (11th Cir. 2001). The Court finds that jurisdiction does not exist with respect to the Petitioners' challenges to the relevant dependency proceedings and to the relevant criminal proceedings, and therefore, the Petition must be dismissed.

**A.  Petitioners' Challenge to Dependency Proceedings**

Petitioners request, among other things, that the court grant Petitioners "a writ of habeas corpus directing the Respondents to immediately release Petitioners' Minor Children and Petitioners from custody." ECF No. [1] at 68.

The court in *Martin v. Chiles*, 763 F. Supp. 1133 (S.D. Fla. 1991), was faced with a similar request.  The petitioners in *Martin* sought a writ of habeas corpus pursuant to 28 U.S.C. § 2241 after a Florida state court judge ordered the Petitioners' arrest, and their minor children were taken under the control of the State of Florida.  There, as here, the petitioners alleged that the children were abused while in state custody.  The court in *Martin* dismissed the petition for lack of jurisdiction on four grounds: (1) no jurisdiction existed under 28 U.S.C. § 2241(c)(3); (2) the petitioners failed to meet the exhaustion requirement; (3) the "domestic relations exception" to federal jurisdiction applied; and (4) abstention under *Younger v. Harris*, 401 U.S. 37 (1971), applied.

In so holding, the court explained that it is clear, not only based on the language of 28 U.S.C. §§ 2241(c)(3) and 2254(a), "but also from the history of the writ, that the essence of habeas corpus attack by an individual in custody is to secure release from illegal confinement. Such collateral attack, however, has not been extended to all instances involving confinement." *Martin*, 763 F. Supp. at 1135-36 (citing *Prieser v. Rodriguez*, 411 U.S. 475 (1973)).  The court reasoned that because federal habeas corpus jurisdiction, under 28 U.S.C. § 2254, "could not be invoked where a state had obtained custody of children and involuntarily terminated the parental rights of a natural parent," *id*. at 1136 (citing *Lehman v. Lycoming County Children's Services*, 458 U.S. 502 (1982), jurisdiction was also lacking under 28 U.S.C. § 2241 and *Lehman* "to challenge a state determination as to who and when the children should be released." *Id.* (citing *Staley v. Ledbetter*, 837 F.2d 1016 (11th Cir. 1988)).

Just as with the Petitioners' previous petition, the Court finds that the reasoning in *Martin* and *Lehman* also apply here.  Petitioners' children are not in "custody" for purposes of 28 U.S.C. § 2254, and accordingly, they may not use this Court to seek the return of their children from the

foster parents, placed by the State of Florida, through a writ of habeas corpus.  *See Lehman*, 458 U.S. at 511 ("The 'custody' of foster or adoptive parents over a child is not the type of custody that traditionally has been challenged through federal habeas. [The parent] simply seeks to relitigate, through federal habeas, not any liberty interest of her sons, but the interest of her own parental rights.").  *See also Staley*, 837 F.2d at 1018 n.1 (affirming dismissal of complaint under 42 U.S.C. § 1983 for termination of parental rights under *Rooker-Feldman* doctrine and noting that the parent's "request for habeas corpus relief must be denied because 28 U.S.C. § 2254 does not confer federal court jurisdiction over challenges to state court child custody proceedings.") (citing *Lehman*, 458 U.S. at 516) (internal quotations and alterations omitted); *Rago v. Samaroo*, 344 F. Supp. 3d 309, 314-15 (D. Mass. 2004) ("It is well settled, however, that federal courts have no jurisdiction in habeas corpus to determine a parent's right to custody of his minor children, even if it is alleged that custody was obtained by means that violate the Federal Constitution.").

### B.  Jurisdiction over Petitioners' Challenge to Criminal Proceedings

As Petitioners have indicated, they "have not even been arraigned by the State Court in this action," have "bailed out on bond in Palm Beach County, Florida, and "Petitioners' . . . conviction for aggravated child neglect is not significantly likely to occur in the reasonably foreseeable future.".  ECF No. [1] at 4, 6.  Thus, Petitioners are not "in custody" for purposes of 28 U.S.C. § 2254. *See Medberry v. Crosby*, 351 F.3d 1049, 1060 (11th Cir. 2003).  *See also Jacobs v. McCaughtry*, 251 F.3d 596, 597-98 (7th Cir. 2001) (holding habeas petitioner's "first petition is properly classified as a § 2241 petition because it was filed pretrial and not while he was in custody pursuant to judgment of a state court") (citing cases) (internal citations and quotation marks omitted). Construing Petitioners' filing liberally because they are proceeding

*pro se*, *see Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998), the Court construes the petition as a one filed under 28 U.S.C. § 2241.

Pretrial petitions brought under 28 U.S.C. § 2241 are subject to an exhaustion requirement which, for § 2241 petitions, is jurisdictional. *See Hughes v. Att'y Gen. of Fla.*, 377 F.3d 1258, 1262 n.1 (11th Cir. 2004). As explained in the Court's previous order on the parties' petition filed under 28 U.S.C § 2241, the Court does not have jurisdiction because Petitioners' have not met the exhaustion requirement. With respect to their criminal proceedings, Petitioners still have not shown that they have exhausted state court remedies available to them under Florida law to challenge, as they have in the petition, the state court's jurisdiction. For example, Petitioners have not sought a writ of prohibition under Florida law. *See Klein v. Smith*, 366 So. 2d 1206, 1207 (Fla. 3d DCA 1979) ("It must be emphasized that prohibition may only be granted when it is shown that a lower court is without jurisdiction or attempting to act in excess of jurisdiction; it is preventive and not corrective"). Accordingly, the Court does not have jurisdiction.

### III. Conclusion

The Court is without subject matter jurisdiction to consider the instant Petition. Accordingly, it is **ORDERED AND ADJUDGED** that:

1. Petitioners' Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 and Emergency Motion for Return of Children, **ECF No. [1]**, is **DISMISSED**;

2. The Clerk shall **CLOSE** this case.

CASE NO. 15-80111-CIV-BLOOM/VALLE

**DONE AND ORDERED** in Fort Lauderdale, Florida, this 2nd of February, 2015.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

cc:   Claudel Louis, *Pro Se*
      Vanessa Louis, *Pro Se*
      14651 Biscayne Blvd., #313
      North Miami Beach, FL 33181